### 14453.  HARRIS *v.* THE STATE.

LUKE, J.  The defendant in this case was convicted of violating sections 715 and 716 of the Penal Code, known as the "labor-contract law." The evidence was not sufficient to authorize the conviction, and it was error to overrule the motion for a new trial.
*Judgment reversed.  Broyles, C. J., and Bloodworth, J., concur.*
DECIDED JUNE 12, 1923.

Accusation of cheating and swindling; from city court of Baxley — Judge Speer.  February 26, 1923.

The prosecutor, F. L. Dyal, testified: ".I am a member of the firm of Dyal Brothers Company. . . We have a turpentine plant at Surrency, Appling county, Georgia. . . The defend-

ant, Robert Harris, . . came to work for Dyal Brothers Company in February, 1922, and worked until April 2, 1922, when he had paid the company everything he owed. . . On April 2, 1922, I contracted with him to work for Dyal Brothers Company to chip and pull turpentine boxes. He agreed to begin work on April 5, 1922, and to work until October 15, 1922, and to work the boxes on crop No. 3 on the Maggie B. Kennedy land in Appling county, and we agreed to pay him 85 cents per thousand boxes per streak during that time. After trading with me he asked me for some money, and I let him have $60 in bills on the strength of his contract to work. . . The money belonged to Dyal Brothers and I paid it for them. He was strong and in good physical condition and in good health, and had no cause to quit work that I could see. I did not quarrel with him or have any cross words with him. He never did a lick of work for Dyal Brothers after that, and he has never paid a cent of the $60 back to the Dyal Brothers Company, nor any interest on the $60. . . He left the next day or night after he got this money. . . I did not go to the woods to see if he worked any more after April 2, or on this contract after April 5, but I know he never did another lick of work. I never did see him again until this court. . . The contract was merely verbal, not in writing."

Joe Brinson testified for the defendant: " I worked for Dyal Brothers Company all. of last year, 1922. . . The defendant went there to work . . about February or March, and worked till May or June. I know it was after April 5 when he quit work. . . He boarded at my house and owed me some money and came back later and paid me. He said he wanted to pay Mr. Dyal some money, but was scared to go to see him except he could pay it all. That was in December. His wife wanted to go off on the train before he first left, and I heard him tell her that Mr. Dyal didn't owe him anything and he could not get any money for her to go on . . I am not positive as to the time he left. It was hot weather. . . He used to complain of misery in his side, and took medicine for it."

The defendant, in his statement at the trial, said: ·" Mr. Dyal would let me have money along a little at a time. I never did get as much as $60 from him at any time. I never did contract

to work till October 15. I just worked along. I owed him some money when I left, and I want to pay him and went down there to pay him one night, but they told me he was such a bad man I was afraid to go to pay him, because I did not have enough to pay him all and I was afraid he would hurt me. He used to cuss me so much when I worked for him I decided to quit, as I was sick. I was unable to work, on account of sickness. I got to where I could not work boxes, and quit and came to Baxley and rented rooms from Mrs. Nelson, and later got another job with Mr. Lee Hall and worked for him awhile, and then I cut some ties for Mr. Dunn and Miles. When the sheriff arrested me he told me that Mr. Dyal said he would settle it if I would pay $74.80, which he said was written on the warrant. Mr. Dyal cussed me so much and was so rough I was afraid to work with him. I owe him and want to pay him." The prosecutor testified that he never told anybody how much it would take to pay the defendant out if he wanted to pay out.

Lee Hall testified, that about the first of June, 1922, he engaged the defendant to work for him, and that the defendant " was not a good hand in the woods; he was taking medicine and did not work as well as the others, and later he quit work." The sheriff testified that he did not tell the defendant that Mr. Dyal said how much money the defendant would have to pay out. Mattie Nelson testified that the defendant came to her house about the first of June, 1922, and rented rooms and lived in them until two weeks before Christmas; " he worked out in the country, but his wife stayed there all the time. He was sick a good part of the time."

*H. J. Lawrence, H. L. Williams,* for plaintiff in error.
*Wade H. Watson, solicitor,* contra.